**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRANCIS BIONDOLILLO,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:08-cv-1964-Orl-22KRS**

**DAYTONA BEACH KENNEL CLUB, INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration of Magistrate Judge Karla R. Spaulding's Amended Report and Recommendation (the "Amended R&R") (Doc. No. 35), entered on June 3, 2009, and the objection thereto (Doc. No. 36) filed by Plaintiff Francis Biondolillo ("Biondolillo") on June 15, 2009. Defendant Daytona Beach Kennel Club, Inc. ("DBKC") filed a response in opposition to Biondolillo's objections to the Amended R&R on June 29, 2009 (Doc. No. 37).

### I. BACKGROUND

Judge Spaulding summarized the relevant background of this case as follows:

> On January 7, 2009, [Biondolillo], "on behalf of himself and all others similarly situated," filed an amended complaint[1] against [DBKC], alleging violations of the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. On March 6, 2009, DBKC answered the amended complaint.

---

[1] In her Amended R&R, Judge Spaulding noted that Biondolillo's original complaint named an incorrect party as Defendant. (*See* Doc. No. 8.)

> On January 21, 2009, Biondolillo filed the instant motion seeking to proceed with this matter as a collective action pursuant to 29 U.S.C. § 216(b), support[ed] by his affidavit and a proposed notice. DBKC opposed the motion.
>
> The Court's Case Management and Scheduling Order [("CMSO")] set May 15, 2009, as the deadline for filing motions to add parties to this action. On May 26, 2009, Biondolillo filed a notice of consent to join signed by Cecilia Johnson [("Johnson")]. Johnson's consent to join the case does not indicate how she purports to be similarly situated to Biondolillo, and she filed no separate affidavit. No other individuals have filed "opt-in" notices or were named as plaintiffs. No individuals, other than Biondolillo, have provided affidavits in support of Biondolillo's motion requesting that the court certify a class.

(Doc. No. 35 pp. 1-2) (internal citations omitted).

## II. STANDARD OF REVIEW

The parties dispute what standard of review the Court should apply in reviewing Judge Spaudling's Amended R&R. Biondolillo argues that the Court should apply de novo review as this matter was referred to the magistrate under 28 U.S.C. § 636(b). DBKC, on the other hand, argues that since Judge Spaulding's R&R is not dispositive of Biondolillo's claims, the Court should consider Biondolillo's objections to the Amended R&R under a clearly erroneous standard. Because the Court determines that the Amended R&R should be approved and adopted under the more restrictive de novo standard, it need not resolve this dispute.

## III. ANALYSIS

The FLSA authorizes collective actions against employers accused of violating the FLSA. 29 U.S.C. § 216(b). Section 216(b) provides:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or

themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The Eleventh Circuit has sanctioned a two-tiered approach for determining whether to certify an opt-in class pursuant to § 216(b). *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001). In *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008) the court summarized the analysis as follows:

> The first step of whether a collective action should be certified is the notice stage. Here, a district court determines whether other similarly situated employees should be notified. A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees. We have described the standard for determining similarity, at this initial stage, as "not particularly stringent," "fairly lenient," "flexib[le]," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)."
>
> . . . .
>
> The second stage is triggered by an employer's motion for decertification. At this point, the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity. This second stage is less lenient, and the plaintiff bears a heavier burden.

*Id.* at 1260-61.

At this juncture, the Court's focus is on the notice stage and accordingly, the analysis will be restricted to the first tier of the procedure. At the "notice stage," a court's determination is "usually based only on the pleadings and any affidavits which have been submitted." *Hipp*, 252 F.3d at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). Plaintiffs must demonstrate a "reasonable basis for their claim of classwide discrimination." *Id.*

at 1219. "The plaintiffs may meet their burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations *supported by affidavits* which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (emphasis added). While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exist. *Haynes v. Singer, Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983).

As noted by Judge Spaulding in her Amended R&R, "[t]he only evidence that Biondolillo presented in support of his motion for class certification is his own self-serving affidavit that other employees of DBKC are similarly situated to him and were also paid less than the minimum wage due to improper application of a 'tip credit.' " (Doc. No. 35 p. 4.) No other individuals elected to join this lawsuit prior to the May 15, 2009 deadline to add parties set forth in the CMSO. Eleven days after the CMSO's established deadline, Biondolillo filed Johnson's notice of consent to join the case. Biondolillo could have moved to extend the deadline, but chose not to. Further, in his objections to the Amended R&R, Biondolillo fails to offer any excuse or justification for missing the deadline. Accordingly, Johnson's belated consent to join should not be considered. As such, Biondolillo's Motion to Certify Class for Collective Action should be denied as Biondolillo has failed to identify a single potential member of the proposed class who desires to opt into this lawsuit. *See Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983) (noting that the plaintiff has the burden of demonstrating that aggrieved individuals exist in the broad class he proposes).

In any event, Judge Spaulding's alternative conclusion that Johnson's consent coupled with Biondolillo's self-serving affidavit are not sufficient to permit certification of a collective action is correct. Specifically, the consent alone fails to provide any factual support for a conclusion that Johnson was similarly situated to Biondolillo with respect to minimum wage or that DBKC had a company-wide policy of denying minimum wages to its employees. *See Rappaport v. Embarq Mgmt. Co.*, No. 6:07-cv-468-Orl-19DAB, 2007 WL 4482581, at *4-5 (M.D. Fla. Dec.18, 2007) (denying request for preliminary certification based on affidavits which failed to include evidence of a company-wide policy of denying overtime compensation). Further, Biondolillo's allegations that there are other similarly situated individuals that would like to join the lawsuit are speculative, vague, and conclusory. *See Barten v. KTR & Assoc., Inc.*, No. 8:06-CV-1574-T-27EAJ, 2007 WL 2176203, at *2 (M.D. Fla. July 26, 2007) ("A plaintiff's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class.") (internal quotations omitted). In the absence of any detailed allegations supported by affidavits, conditional class certification is not warranted at this time.[2]

Finally, the Court agrees with Judge Spaulding's conclusion that it would be inappropriate to certify a collection action without a more specific definition of the proposed class. Biondolillo's

---

[2] In his Objections to the Amended R&R, Biondolillo cites to *Beo v. BTB Servs., Inc*., No. 1:08-cv-23129-JEM, 2009 WL 482822 (S.D. Fla. Feb. 25, 2009), in support of his argument that the Amended R&R should be overruled. However, any reliance on that case is unfounded as the court did not address whether the plaintiff had met the first stage of the *Hipp* approach. *See id*. at *1.

-5-

proposed definitions of classes are overlapping and conflicting.³ Further, Biondolillo's unsupported argument that his failure to define and propose the class clearly "is not grounds to deny a Motion for a Collective Action" is unavailing. (Doc. No. 36 p. 4.) Accordingly, after an independent de novo review of the record in this matter, the Court finds that Biondolillo has failed to sustain his burden for conditional certification of the proposed class.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. Magistrate Judge Karla R. Spaulding's Amended Report and Recommendation (Doc. No. 35), entered on June 3, 2009, is APPROVED and ADOPTED.

2. Plaintiff Francis Biondolillo's Objection to Report and Recommendation (Doc. No. 36), filed on June 15, 2009, is OVERRULED.

3. Plaintiff Francis Biondolillo's Motion to Certify Class for Collective Action (Doc. No. 13), filed on January 21, 2009, is DENIED.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 18, 2009.

/s/ Anne C. Conway
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

---

³In Biondolillo's Motion, he identifies the proposed class in multiple ways: (1) "all 'tipped' poker dealers where a 'tip credit' was claimed" (Doc. No. 13 p. 7); (2) "all 'tipped' poker dealers where a 'tip credit' was claimed for Defendant's business" (*id.* at 9); and (3) "all present and former 'tipped' poker dealers where a 'tip-credit' was claimed from the past three years from the filing date of Plaintiff's Complaint, who was [sic] employed by Defendant or any related company or institution" (*id.* at 10). Moreover, Biondolillo's proposed Notice is addressed to "[a]ll present and former poker dealers that the Defendant claimed a tip-credit for, who were required to disburse a portion of tips to non-tipped employees of the Defendant." (Doc. No. 13 Ex. A p. 1.)

Unrepresented Party
United States Magistrate Judge Karla R. Spaulding